**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50380
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC BOSTON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(W-95-CR-47)

April 4, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Isaac Boston ("Boston") was convicted of two counts of distributing cocaine base, also

known as "crack" in violation of Title 21 U.S.C § 841(a)(1) ("Count I" and "Count II"). Boston

appeals his conviction on Count I and argues that there was insufficient evidence to support a jury

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

verdict of guilty because the government failed to prove the substance he was delivering was "crack" cocaine. Finding no error, we affirm.

Boston failed to move for a judgment of acquittal upon the completion of the government's case-in-chief or after the presentation of all the evidence. We have previously held that appellate review of a claim of insufficiency of the evidence will be limited to the determination of whether there was a manifest miscarriage of justice in cases where the defendant has failed to move for a judgment of acquittal at the close of the government's case in chief and/or at the end of the presentation of defense evidence. *United States v. Robles-Pantoja*, 887 F.2d 1250 (5th Cir. 1989). Such a miscarriage of justice will exist only if the record is "devoid of evidence pointing to guilt." *Id*. After careful review of the record and briefs, this court finds that Boston failed to move for an acquittal at the close of the government's evidence or at the end of the defense case as requi red for appellate review under the "beyond a reasonable doubt standard." *See United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995). Thus, our review of Boston's sufficiency of the evidence argument will be limited to a determination of whether there was manifest miscarriage of justice.

The identity of the controlled substance as cocaine base is not an element of the distribution offense articulated in Title 21 U.S.C. § 841 (a) (1). *United States v. Lucien*, 61 F.3d 366, 373 (5th Cir. 1995). Therefore, we reject Boston's argument that the government failed to present sufficient evidence that the substance was "crack" cocaine. Furthermore, we conclude that the record contains ample evidence to support the jury's finding of guilt and includes taped conversations between Boston and a police informant regarding the drug transactions that are the subject of the indictment. We also note, the evidence presented by the government is more than sufficient to have sustained Boston's conviction even if he had made a timely motion for acquittal at the close of evidence. Thus,

2

we hold that under the manifest miscarriage of justice standard of review, Boston's conviction which is the subject of this appeal should stand.

AFFIRMED.